WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pomegrante Holdings LLC, et al., | No. CV-21-02137-PHX-SMB |
| Petitioners, | **ORDER** |
| v. | |
| Seyyed Valiallah Nasr, et al., | |
| Respondents. | |

Pending before the Court is Respondents' Motion for Change of Venue. (Doc. 14.) Petitioners filed this action to confirm an arbitration award for $1.4 million and for entry of judgment against Respondents. The arbitration was held in Orange County, California, and Respondents ask this Court to transfer this action to the Central District of California. Respondents argue that transfer is appropriate under Section 9 of the Federal Arbiration Act ("FAA") and 28 USC § 1404. Petitioners oppose the transfer. (*See* Doc. 17.) The Motion is fully briefed, (*see* Docs. 14; 17; 19), and the Court will deny the motion for the reasons explained below.

**I.     Federal Arbitration Act**

Respondents argue that 9 U.S.C. § 9 requires an arbitration award be confirmed in the jurisdiction where it was awarded. However, that section actually provides: "If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." 9 U.S.C. § 9. Respondents acknowledge that, here, there is no agreement specifying which Court will be

used to confirm the arbitration; therefore, Petitioners are free to seek confirmation in the Central District of California but are not limited to that Court. *See Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 195 (2000) (holding that the venue provisions of the FAA are "permissive," permitting a motion to confirm, vacate, or modify an arbitration award "either where the award was made or in any district proper under the general venue statute").

## II.    28 USC § 1404

Next, Respondents argue that, as a matter of convenience and fairness, the Court should transfer this case to the Central District of California. Petitioners argue that transfer is not appropriate given the strong presumption in favor of plaintiff's choice of forum.

Pursuant to 28 U.S.C. § 1404(a), a district court—for the convenience of the parties and witnesses, and in the interest of justice—may transfer a civil action to any district where the case may have originally been brought. The burden is on the movant to establish "that venue is proper in the transferor district; that the transferee district is one where the action might have originally been brought; and that transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1155–56 (N.D. Cal. 2009) (quoting *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992)). In determining whether to transfer a case, there is a "strong 'presumption in favor of plaintiff's choice of forums'" that the Court will not lightly disturb. *Gherebi v. Bush*, 352 F.3d 1278, 1303 (9th Cir. 2003) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)), *vacated on other grounds by* 542 U.S. 952 (2004). "Transfer under § 1404(a) 'should not be freely granted,'" and is not appropriate where the moving party merely seeks to "shift the inconvenience to the party resisting the transfer." *Id.* (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964); *see also In re Nine Mile, Ltd.*, 692 F.2d 56, 61 (8th Cir. 1982)). The purpose of transfer is to move to "a more convenient forum, 'not to a forum likely to prove equally convenient or inconvenient.'" *Gherebi*, 352 F.3d at 1303 (quoting *Van Dusen*, 376 U.S at 646).

In determining whether a transfer is appropriate in a particular case, the court may consider the following:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir.2000). Each of the factors are discussed below.

### A. Location where relevant agreements negotiated and executed

Respondents cite to their employment agreement as the relevant document that was negotiated and executed in Orange County, California. Petitioners claim that the employment agreement was executed in Washington, where the employer was located at the time the document was executed. Neither side presented any evidence to support a finding for their respective arguments. Accordingly, the Court finds this factor is neutral.

### B. State most familiar with the governing law

The FAA governs the confirmation of an arbitration award. This factor is neutral as both California and Arizona courts are familiar with the governing law.

### C. Plaintiff's choice of forum

Petitioners chose Arizona, and Respondents are residents of Arizona. This factor weighs against transfer.

### D. Respective Parties' Contacts With The Forum

Respondents reside in Arizona but argue this factor favors transfer because they used to live in California. Petitioners are located in California but chose the Arizona forum. This factor weighs against transfer.

### E. Contacts Relating to Plaintiff's Cause of Action in the Chosen Forum

The cause of action in this forum relates solely to confirming the arbitration award. Yet, Respondents argue that this factor weighs in favor of transfer because the issues in the

arbitration occurred in California. The information related to the underlying arbitration would be have minimal relevance, if any, given there are very limited circumstances under which an arbitration award can be vacated, and discovery is rarely granted in post-arbitration judicial proceedings. *See Collins v. D.R. Horton, Inc.*, 361 F. Supp. 2d 1085, 1092 (D. Ariz. 2005) ("[T]he FAA sets out four very narrow grounds upon which courts may vacate commercial arbitration awards."), *aff'd*, 505 F.3d 874 (9th Cir. 2007); *Empresa Constructora Contex Limitada v. Iseki, Inc.*, 106 F. Supp. 2d 1020, 1024 (S.D. Cal. 2000) ("[T]he right to obtain discovery in an action to overturn an arbitral decision is strictly limited."). This factor weighs against transfer.

### F. Differences in Costs of Litigation

Respondents argue that all counsel are California licensed attorneys, but that is not true. Petitioners' counsel are Arizona licensed attorneys. Transfer under §1404(a) is not appropriate where the moving party merely seeks to "shift the inconvenience to the party resisting the transfer." *Gherebi*, 352 F.3d at 1303 (quoting *Van Dusen*, 376 U.S. at 646). This factor weighs against transfer.

### G. Availability of Compulsory Process and Ease of Access to Proof

Both parties agree that these factors are inapplicable.

### H. Weighing all Factors

The burden is on the movant to establish that "transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." *Vu*, 602 F. Supp. 2d at 1155–56 (quoting *Goodyear Tire & Rubber Co.*, 820 F. Supp. at 506). Weighing the above factors, the Court finds the transfer to the United States District Court for the Central District of California is not merited.

…

…

…

…

…

**III.    Conclusion**

Accordingly,

**IT IS ORDERED** that the Respondents' Motion for Change of Venue, (Doc. 14), is denied.

Dated this 11th day of February, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge